UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------------------------------X

| | |
|---|---|
| SARCASJIA GRASTY, | CASE NO.: |
| Plaintiff | **COMPLAINT** |
| | **Plaintiff Demand a Trial by Jury** |
| v. | |
| FLORIDA DEPARTMENT OF CHILDREN & FAMILIES, PEDRO DEL CAMPO, individually and in his official capacity, and GOODLUCK OWI, individually and in his official capacity | |
| Defendants. | |

------------------------------------------------------------------------X

Plaintiff, SARCASJIA GRASTY, through her counsel, Derek Smith Law Group, PLLC, hereby complains of Defendants FLORIDA DEPARTMENT OF CHILDREN & FAMILIES, PEDRO DEL CAMPO, and GOODLUCK OWI and alleges as follows:

## NATURE OF CASE

1.Plaintiff complains pursuant to 42 U.S.C, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"); the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA"); and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to sex/gender discrimination, pregnancy discrimination, disability discrimination, hostile work environment, retaliation, intentional infliction of emotional distress, and unlawful constructive discharge.

2.This action is to redress Defendants' unlawful employment practices against Plaintiff, including Defendants' unlawful discrimination against Plaintiff because of her gender,

pregnancy status and disability, and Defendants' retaliation against Plaintiff for submitting a Leave of Absence upon delivering a premature baby, all leading to her unlawful constructive discharge.

## JURISDICTION AND VENUE

3. This is an action for monetary damages and injunctive relief pursuant to Title VII, and FCRA §760.10.

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to file this action.

8. On or around December 3, 2018, Plaintiff dual filed her charge with the Equal Employment Opportunity Commission ("EEOC"), Charge number 510-2019-01147.

9. On or around August 22, 2019, Plaintiff received the EEOC's Right to Sue Letter in reference to her EEOC charge.

10. This complaint was filed within ninety (90) days of the issuance of the EEOC's Right to Sue letter.

11. An EEOC filing automatically operates as a dual FCHR filing.

**STATUTORY SCHEME**

12. The Americans with Disabilities Act, 42 U.S. Code § 12111 (2) states a "Covered Entity" includes "an employer, employment agency, labor organization, or joint labor-management committee."

13. 42 U.S. Code § 12102 (1) defines the term "Disability" to mean, "with respect to an individual— (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))."

14. 42 U.S. Code § 12102 (3) explains what is considered "being regarded as having such an impairment":

For purposes of paragraph (1)(C): (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

15. 42 U.S. Code § 12102 (2)(A) defines "Major Life Activities" to include, but not be limited to: "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."

16. Regarding the Americans with Disabilities Act, 29 CFR 1630.2 (1)(o) explains the term "Reasonable Accommodations" stating:

(1) The term reasonable accommodation means:
   (i) Modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or
   (ii) Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed,

  that enable an individual with a disability who is qualified to perform the essential functions of that position; or

(iii) Modifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities.

(2) Reasonable accommodation may include but is not limited to:

(i) Making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and

(ii) Job restructuring; part-time or modified work schedules; reassignment to a vacant position; acquisition or modifications of equipment or devices; appropriate adjustment or modifications of examinations, training materials, or policies; the provision of qualified readers or interpreters; and other similar accommodations for individuals with disabilities.

17. Together, 42 U.S. Code § 12102, 12111, and 29 CFR § 1630.2 establish an employer's duty with respect its employees with a disability and employees that are regarded as having such an impairment.

## PARTIES

18. At all material times, Plaintiff SARCASJIA GRASTY (hereinafter referred to as "Plaintiff" or "GRASTY") is an individual woman who is a resident of the State of Florida and resides in the Miami-Dade County.

19. At all material times, Defendant FLORIDA DEPARTMENT OF CHILDREN & FAMILIES (hereinafter referred to as "Defendant" or "FDCF") is a Florida Non-Profit Corporation created and authorized under the laws of the State of Florida.

20. Defendant FDCH is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

21. At all material times, Defendant PEDRO DEL CAMPO (hereinafter referred to as "DEL CAMPO" or "DEFENDANT"), was and is an individual man believed to reside in the state of Florida and live in Miami-Dade County.

22. At all material times, Defendant DEL CAMPO was and is a Supervisor for FDCF.

23. At all material times, DEL CAMPO held supervisory authority over Plaintiff, controlling various tangible aspects of her employment, with the power to hire and fire Plaintiff.

24. At all material times, Defendant GOODLUCK OWI was and is the Program Administrator for the Customer Call Center for FDCF located at 401 N.W. 2nd Avenue, Miami, FL 33128.

25. At all material times, OWI held supervisory authority over Plaintiff, controlling various tangible aspects of her employment, with the power to hire and fire Plaintiff.

26. FDCF, DEL CAMPO, and OWI are herein referred to collectively as "Defendants".

## STATEMENT OF FACTS

27. On or about April 20, 2018 Defendants hired Plaintiff as an Economic Specialist in Self Sufficiency to serve those living on public assistance programs. Immediately upon being hired by Defendants she disclosed that she was pregnant and that she suffers from Type I Diabetes and high blood pressure.

28. At all material times Plaintiff suffered from and continues to suffer from Type I Diabetes and she developed high blood pressure as a result of her first pregnancy. These conditions made her second pregnancy in 2018 a high-risk pregnancy.

29. As a result of these conditions, Plaintiff was required to monitor her blood pressure and blood sugar throughout the day.

30. During the time Plaintiff was employed by Defendants, she asked Defendant DEL CAMPO about how much leave time she could take and how it would be allocated upon the birth of the baby she was expecting. DEL CAMPO continuously avoided giving her an answer to her question; he would instead tell her "We'll talk about it when we get there," or "We'll worry about it later".

31. Plantiffnapplied for FMLA on or about April 26, 2018. As Plaintiff had not been working for Defendants for the required minimum twelve months, her request for FMLA was denied.

32. On or about May 7, 2018, Plaintiff was approved for a six week leave of absence beginning on June 13, 2018 and ending on July 25, 2018, or six continuous weeks beginning from the date Plaintiff gave birth.

33. On or about May 13, 2018 Plaintiff was diagnosed with preeclampsia and had to have an emergency caesarian section to deliver her daughter Wisdom. Wisdom was born prematurely at 29 weeks. The preeclampsia caused Plaintiff to develop life-threatening high blood pressure and severely compromised the ability of her kidneys to function. It also threated the life of her child; the preeclampsia restricted the oxygen and nutrients going from the placenta to the baby.

34. Plaintiff informed Defendants about her emergency caesarian section. Plaintiff's leave of absence was approved by Defendants for the period between May 13, 2018 and June 25, 2018.

35. Plaintiff was discharged from the hospital in order to recover from the caesarian section. Plaintiff's pregnancy with her daughter Wisdom caused a severe strain on her health, and the trauma of the pregnancy and birth was well beyond that experienced by the average woman. She continues to suffer from high blood pressure and kidney issues to this day.

36. Furthermore, Plaintiff's child Wisdom also suffered and continues to suffer the effects of a premature birth due to the preeclampsia. Wisdom was placed in the Neonatal Intensive Care Unit after her birth on May 13, 2018 and remained in the NICU until August 3, 2018.

37. While Wisdom was still in the NICU Plaintiff returned to work. She returned to work on or about June 11, 2018. As of that time Plaintiff had only used three of her six weeks of leave.

38. In anticipation of Wisdom's release from the hospital on August 3, 2018 Plaintiff requested a leave of absence in order to take care of Wisdom. She placed the request for a leave of absence

to begin on August 3, 2018. She also provided medical documentation regarding Wisdom's need for extra care.

39. Despite several attempts to contact her supervisor DEL CAMPO by phone and by email, Plaintiff was not provided with a response to her request for leave to take care of Wisdom or to find alternative caretakers for her infant.

40. On or about August 9, 2018, Defendants denied Plaintiff's request for a temporary Leave of Absence.

41. Inexplicably, the denial of Plaintiff's leave was predicated on the assertion that Plaintiff had already exhausted her six weeks of Leave of Absence. This assertion has no basis in fact, as Plaintiff had returned three weeks early from her initial six week leave.

42. Immediately Plaintiff requested that Defendants provide her with a written copy of the denial of her leave of absence. DEL CAMPO promised to email her the written copy but failed to do so.

43. In or around August 2018, Defendant OWI informed Plaintiff that her choices were to "quit, be terminated, or come back to work. It would be better if you quit because you can be rehired for the position again".

44. Plaintiff was not provided any contract or written documentation outlining any agreement for rehire in the future.

45. Based on the circumstances described herein, Defendants unlawfully discriminated against Plaintiff on the basis of her gender, pregnancy, and disability. Defendants not only failed to provide a reasonable accommodation after Plaintiff experienced a medically complicated pregnancy that exacerbated her preexisting health conditions (of which they were well aware), but further retaliated against her for submitting a Leave of Absence request after her FMLA

denial and forced her to sign a resignation letter with no guarantee of future employment to be reinstated.

46. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendants subjected Plaintiff following her pregnancy.

47. As a result of Defendants' failure to accommodate Plaintiff, she suffered, and will continue to suffer, numerous injuries including physical, economic, and emotional damages.

48. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff suffers from high stress, anxiety, depression, in addition to physical ailments.

49. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

50. As Defendants' conduct has been malicious, reckless, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

## COUNT I: ADA
## DISABILITY DISCRIMINATION
## [AGAINST DEFENDANT FLORIDA DEPARTMENT OF CHILDREN & FAMILIES]

51. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

52. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

53. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

54. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

55. Defendant violated the ADA by unlawfully terminating, failing to accommodate, and discriminating against Plaintiff's preeclampsia, high blood pressure and diabetes, as well as her newborn's health conditions, of which the Defendant was fully aware.

56. Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a.) Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of ADA;

b.) Declare Defendant's conduct to be in violation of the ADA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c.) Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

d.) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

e.) Any other and further relief as this Court deems just and proper.

## COUNT II: ADA
## DISABILITY RETALIATION
## [AGAINST DEFENDANT FLORIDA DEPARTMENT OF CHILDREN & FAMILIES]

57. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

58. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

59. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

60. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

61. Plaintiff requested reasonable accommodations because of her disabilities.

62. Defendant violated the ADA by failing to discuss possible accommodations for Plaintiff on account of her disability.

63. Defendant violated the ADA by failing to provide Plaintiff with any reasonable accommodation for her disabilities.

64. Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

f.) Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of ADA;

g.) Declare Defendant's conduct to be in violation of the ADA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

h.) Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

i.) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

j.) Any other and further relief as this Court deems just and proper.

## COUNT III: DISCRIMINATION
## UNDER TITLE VII
## [AGAINST DEFENDANT FLORIDA DEPARTMENT OF CHILDREN & FAMILIES]

65. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

66. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. [Section 703] states in relevant part as follows:

> (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

67. The Defendant's discharge and harassment of Plaintiff was, in whole or in part because she was a pregnant woman, and she had a disability, or perceived disability.

68. Throughout 2016 to 20182018, Defendant FDCF engaged in discriminatory practices which resulted in Plaintiff being subjected to a discriminatory hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended.

69. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her sex, pregnancy, and disability.

70. The Defendant's conduct constitutes unlawful discrimination under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

   a) Damage to reputation, confidence and self-esteem;
   b) Loss of past and future income;
   c) Loss of future earning capacity;
   d) Loss of other fringe benefits;

     e)   Stress, anxiety and emotional distress;

     f)   Significant past and future pain and suffering; and

     g)   Other financial losses.

71. The Plaintiff is entitled to an award of reasonable attorney's fees, the allegations stated in all previous paragraphs herein.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendants, FDCF, for damages, including compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT IV: RETALIATION
## UNDER TITLE VII
## [AGAINST DEFENDANT FLORIDA DEPARTMENT OF CHILDREN & FAMILIES]

72. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

73. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

74. The Defendant has discriminated against and harassed the Plaintiff in the terms and conditions of her employment, and has denied the Plaintiff continued employment in retaliation for her lawfully having engaged in statutorily protected activity by filing a Leave of Absence.

75. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of her filing a Leave of Absence in relation to her membership in a protected class.

76. The Defendant's conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

   h) Damage to reputation, confidence and self-esteem;

   i) Loss of past and future income;

   j) Loss of future earning capacity;

   k) Loss of other fringe benefits;

   l) Stress, anxiety and emotional distress;

   m) Significant past and future pain and suffering; and g. Other financial losses.

77. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendant FDCF, for damages, including compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT V: DISCRIMINATION AND RETALIATION UNDER FEDERAL LAW 42 U.S.C. Section 1981 [AGAINST ALL DEFENDANTS]

78. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

79. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendants subjected Plaintiff on an ongoing continuous basis.

80. Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

81. 42 USC Section 1981 states in relevant part as follows:

(a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

82. Plaintiff, as a pregnant woman with a disability, was discriminated against by Defendants because of her gender, pregnancy, and disability status as provided under 42 USC Section 1981 and has suffered damages as set forth herein. Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for opposition to Defendants' unlawful employment practices.

## COUNT VI: FCRA §760.10 DISCRIMINATION [AGAINST ALL DEFENDANTS]

83. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

84. At all times relevant to this action, Plaintiff was and is a woman with a disability, who underwent a premature pregnancy and emergency C section that exacerbated her disability.

85. At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

86. Plaintiff has an actual handicap, has a record of being disabled, and/or is perceived as being disabled by Defendant.

87. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her gender, disability, and pregnancy with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

88. Defendant violated the FCRA by unlawfully discharging and discriminating against Plaintiff based on her sex and disability, and status of her pregnancy, of which the Defendants were fully aware.

89. Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

   a.) Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of FCRA;

   b.) Declare Defendant's conduct to be in violation of the FCRA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

   c.) Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

   d.) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

   e.) Any other and further relief as this Court deems just and proper.

## COUNT VII: FCRA
## RETALIATION
## [AGAINST ALL DEFENDANTS]

90. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

91. The Defendants' discharge and harassment of Plaintiff was, in whole or in part, in retaliation for her complaints of discrimination and filing for a Leave of Absence.

92. The Defendants has discriminated and retaliated against Plaintiff in the terms and conditions of her employment, and has denied the Plaintiff continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

93. The Defendants' conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendants' unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

   a) Damage to reputation, confidence and self-esteem;

   b) Loss of past and future income;

   c) Loss of future earning capacity;

   d) Loss of other fringe benefits;

   e) Stress, anxiety and emotional distress;

   f) Significant past and future pain and suffering; and

   g) Other financial losses.

94. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendants for damages, including compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### [AGAINST DEFENDANT PEDRO DEL CAMPO]

95. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

96. Defendant DEL CAMPOs actions described in the above paragraphs was intentional, extreme, and outrageous and caused Plaintiff to suffer extreme emotional distress.

97. As direct and proximate consequences of the conduct described in the above paragraphs, Plaintiff has been injured and suffered severe psychological and emotional injuries including humiliation, mental anguish, loss of the capacity for the enjoyment of life, loss of dignity, and other nonpecuniary and intangible injuries that have required, or will require in the future, medical and psychological treatment.

### COUNT IX: VICARIOUS LIABILITY - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### [AGAINST DEFENDANT FLORIDA DEPARTMENT OF CHILDREN & FAMILIES]

98. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

99. At all times material, Defendant DEL CAMPO was an employee, servant and/or agent of Defendant FDCF and at all times material was acting within the course and scope of his employment.

100. Therefore, Defendant FDCF is vicariously liable for the tortious acts committed by Defendant DEL CAMPO as set forth in the above paragraphs.

101. As a direct and proximate result of Defendant DEL CAMPO's conduct, Plaintiff has been injured and suffered severe psychological and emotional injuries including humiliation, mental anguish, loss of the capacity for the enjoyment of life, loss of dignity, and other nonpecuniary and intangible injuries.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated: Miami, Florida
November 20, 2019

**DEREK SMITH LAW GROUP, PLLC**

Respectfully submitted,

/s/ *Katheline Cortes*_____
Katheline Cortes, Esq.
Fla Bar No. 649678
Derek Smith Law Group, PLLC
*Attorneys for Plaintiff*
701 Brickell Avenue, Suite 1310
Miami, FL 33131
Tel: 305-946-1884
Fax: 305-503-6741
katheline@dereksmithlaw.com