UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24812-Civ-COOKE/GOODMAN

SARCASJIA GRASTY,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF
CHILDREN & FAMILIES,

    Defendant.
_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>**

THIS MATTER is before me on Defendant's Motion to Dismiss (ECF No. 27) Plaintiff's Amended Complaint (ECF No. 22). Plaintiff filed a Response in Opposition to Defendant's Motion (ECF No. 29), and Defendant submitted a Reply in support of its Motion to Dismiss (ECF No. 30). I have reviewed the Motion, the Opposition, the Reply, and the relevant legal authorities. For the reasons discussed below, Defendant's Motion is **GRANTED.**

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Sarcasjia Grasty ("Grasty) began working for Defendant the Florida Department of Children & Families (the "Department") in April 2018. *Amend. Compl.*, ECF No. 22 at ¶ 15. After Grasty was hired, she informed the Department that she was pregnant, and that she suffers from high blood pressure and Type I diabetes. *Id.* at ¶ 17. She also asked one her supervisors, Pedro Del Campo, how much time she would be given for leave after childbirth. Despite numerous requests, Campo did not provide Grasty with a response. *Id.* at ¶ 20. However, on May 7, 2018, the Department granted Grasty a six-week leave of absence to run from June 13, 2018 through July 25, 2018. *Id.* at ¶ 22. A six-week

1

leave of absence is the standard time the Department provides for maternity leave. *Id.* at ¶ 23. On May 13, 2018, Grasty was diagnosed with preeclampsia and had to deliver her child immediately. *Id.* at ¶ 24. Grasty informed the Department of this development and her leave of absence was adjusted to run from May 13, 2018 through June 25, 2018. *Id.* at ¶ 25. After delivery, Grasty's doctors informed her that, because of her child's birth complications, the child had to remain in the hospital for a few weeks. *Id.* at ¶ 29.

Grasty returned to work on June 11, 2018— approximately three weeks into her six-week leave of absence. *Id.* at ¶ 30. Grasty's child was eventually scheduled to be discharged on August 3, 2018. *Id.* at ¶ 31. In anticipation of her child's discharge from the hospital, Grasty sought permission to use the remainder of her six-week leave of absence to stay home and care for her child. *Id.* This request was denied on August 9, 2018 because the Department concluded that Grasty had exhausted her six-week leave of absence. *Id.* at ¶ 33. Seemingly related to the denial of Grasty's request to use the remainder of her leave, she was told by another supervisor, she could either "quit, be terminated, or come back to work." *Id.* at ¶ 38. The Department fired Grasty on August 21, 2018. *Id.* at ¶ 40.

On December 3, 2018, Grasty filed a charge of discrimination with the Equal Employment Opportunity Commission, and she received a "Right to Sue Letter" on August 22, 2019. Grasty subsequently filed a complaint on November 20, 2019. In that complaint, Grasty alleged causes of action under several statutes, including the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act ("Title VII"), and the Florida Civil Rights Act ("FCRA"). That complaint named as Defendants, the Department, and two of Grasty's supervisors, Pedro Del Campo and Goodluck Owi. *See* ECF No. 1 at 1. On February 22, 2020, Plaintiff amended her complaint as a matter of course. *See* ECF No. 22. Although the Amended Complaint lists fewer causes of action, it generally contains the

same allegations as the original complaint. *See generally* ECF No. 22. Notably, the only named defendant in the Amended Complaint is the Department.[1] The Department now moves to dismiss the Amended Complaint, arguing that many of Plaintiff's claims are barred by the Eleventh Amendment, and where they are not, the Department argues they remain subject to dismissal for failure to state a claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) mandates that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, when considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

## III. DISCUSSION

Counts I and II of the Amended Complaint allege claims of disability discrimination in the Department's employment practices pursuant to Title I of the ADA. Count III

---

[1] Plaintiff excluded the two supervisors from the caption and from the parties' section of the Amended Complaint.

alleges a retaliation claim under Title V of the ADA. Count IV alleges a claim of pregnancy discrimination under Title VII of the Civil Rights Act. Counts V & VI allege pregnancy and handicap[2] discrimination claims pursuant to the Florida Civil Rights Act.

### A. Counts I & II: Plaintiff's Title I Claims.

Title I of the ADA prohibits employers from discriminating against qualified employees on the basis of disability in relation to job application procedures, hiring, advancement, or discharge. *See* 42 U.S.C. § 12112(a); *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000). Title I of the ADA also prohibits discrimination based on an employee's association, such as a familial association, with a disabled person. 42 U.S.C. § 12112(b)(4). In Counts I & II of the Amended Complaint, Grasty asserts that the Department violated the aforementioned provisions of Title I by firing her because of her own disabilities and for her association with a person with disabilities. ECF No. 22 at 8-19. Grasty seeks monetary damages, declaratory relief, and injunctive relief for these alleged violations. The Department argues that Plaintiff's claim for monetary damages should be dismissed because they are barred by the Eleventh Amendment. ECF No. 27 at 2. In response to this argument, Plaintiff relinquished her claims for monetary damages for Counts I-III but maintains a request for declaratory and injunctive relief. *See* ECF No. 29 at 12.

Title I of the ADA enables individuals who have suffered employment discrimination because of their disabilities to sue employers for damages and injunctive relief in federal court. 42 U.S.C. § 12117(a). Although Plaintiff here has relinquished her request for monetary damages against the Department, the Court notes that such relief is

---

[2] The shoddy nature of the pleading in the Amended Complaint makes it unclear to determine if Plaintiff is asserting a pregnancy and handicap discrimination claim, or only a handicap discrimination claim. The Court, however, reads the Complaint to be asserting both claims.

barred by the Eleventh Amendment, where, as here, no waiver of immunity exists.  The Supreme Court in *Garrett* proclaimed that employees of a state, and by extension, a state agency, may not recover money damages for a state's failure to comply with the provisions of Title I of the ADA because Congress has not validly abrogated the states' immunity for such claims.  *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001).  *See also Rizo v. Ala. Dep't of Human Res.*, 228 Fed. Appx. 832, 835 (11th Cir. 2007).  As an agency of the State of Florida, the Department receives the same Eleventh Amendment protection as the State itself.  *See* Fla. Stat. § 20.19; *Horn v. Fla. Dep't of Children & Families*, 2005 U.S. Dist. LEXIS 33624 (M.D. Fla. July 5, 2005) (recognizing the Department as a state agency for purposes of Eleventh Amendment immunity and dismissing 42 U.S.C. § 1983 claims for monetary damages as a result).  Since Florida has not waived its immunity, Plaintiff's claims for monetary damages are due to be dismissed because they are barred by the Eleventh Amendment.  *See Garrett*, 531 U.S. 356.

Plaintiff maintains her request for declaratory and injunctive relief for the alleged Title I violations.  The Eleventh Amendment's guarantee of sovereign immunity does not bar Title I suits for prospective injunctive and declaratory relief.  *See Green v. Duval County Health Dep't*, 2005 U.S. Dist. LEXIS 48870, *4 (M.D. Fla. November 28, 2005).  Such relief is, however, only available against state officials sued in their official capacities.  *Id. See also Miller v. King*, 384 F.3d 1248, 1264 (11th Cir. 2004) *opinion vacated and superseded by*, 449 F.3d 1149 (11th Cir. 2006).  When Plaintiff amended her complaint as a matter of course, she excluded the individual state officials formerly listed as defendants, leaving the Department as the sole defendant.  Prospective injunctive and declaratory relief is not available against the Department.  *See Green*, 2005 U.S. Dist. LEXIS 48870, *4.  Therefore,

there is no relief available to Plaintiff against the Department for her Title I claims. Counts I & II are consequently due to be dismissed in their entirety.

### B. Count III: Plaintiff's Title V Claim for Retaliation.

Plaintiff also alleges a claim for retaliation based on Title V of the ADA. 42 U.S.C. § 12203(a). Title V prohibits retaliation against an individual because that person has "opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Although the Amended Complaint restates almost identical factual allegations for each asserted cause of action, Plaintiff's retaliation claim appears to be based on the Department terminating her employment because she took issue with its discriminatory practices. ECF No. 22 at ¶136. The Department argues that Plaintiff's retaliation claim should be dismissed because Plaintiff has failed to state a *prima facie* case for retaliation. ECF No. 27 at 3-4. Plaintiff contends that she has. ECF No. 29 at 12. Neither party, however, addresses the threshold issue of whether Plaintiff can bring a Title V retaliation claim against the Department, where the underling claim is based on a Title I violation. *See Marx v. Georgia Dep't of Corrections*, 2013 U.S. Dist. LEXIS 135360 at *4 (M.D. Ga. September 23, 2013) ("Title V does not contain its own remedy or procedure of redress for a violation but only makes available the remedies and procedures found in the other titles.").

The Eleventh Circuit has not opined on whether states are entitled to Eleventh Amendment immunity on retaliation claims brought pursuant to Title V, when the underlying claim is a violation of Title I of the ADA. The Ninth Circuit, and several district courts, however, have concluded that sovereign immunity does extend to ADA Title V claims that are based on Title I disability discrimination claims. *See Demshki v. Monteith*, 255

F.3d 986, 988 (9th Cir. 2001) ("We recognize that *Garrett* arose in the context of Title I, but we nevertheless conclude that the Court's holding necessarily applies to claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I."). See also *Lucas v. Ala. Dep't of Pub. Health*, 2016 U.S. Dist. LEXIS 9420, *11 (M.D. AL Jan. 7, 2016) ("The court concludes that, as to Title V retaliation claims arising under these particular circumstances, Congress has not abrogated the states' sovereign immunity validly."); *Quadir v. New York State DOL*, 39 F. Supp. 3d 528, 536 (S.D. N.Y 2014) ("It is well settled that states retain their sovereign immunity against discrimination claims brought under Title I of the ADA.  And district courts within [the Second] Circuit have consistently extended Garrett's holding to ADA Title V retaliation claims—at least to the extent that those claims are predicated on ADA Title I discrimination claims."); *Marx v. Ga. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 135360, *7 (M.D. GA (Sept. 23, 2013) ("However, the Court is persuaded by, and adopts, the reasoning provided by various appellate and district courts concluding the Eleventh Amendment provides immunity from Title V retaliation claims based on alleged violations of Title I.").

This Court is also persuaded by, and adopts, the reasoning proffered by these courts in determining that Eleventh Amendment immunity bars Title V claims where they are based on Title I violations.  As noted above, in *Garrett*, the Supreme Court concluded that a Title I claim for monetary damages against an un-consenting state is barred by the Eleventh Amendment.  While *Garrett* was involved a Title I claim, allowing a Title V claim that is premised on a Title I violation to proceed would effectively allow Plaintiff to bypass the immunity otherwise afforded by the Eleventh Amendment.  See *Demshki*, 255 F.3d at 988. *See also Marx*, 2013 U.S. Dist. LEXIS 135360, *7.  Accordingly, the Court finds that Plaintiff's Title V retaliation claim, based on the Department's alleged Title I violations, is

7

barred by the Eleventh Amendment's guarantee of sovereign immunity. Count III is therefore also due to be dismissed.

### C. Count IV: Plaintiff's Title VII Claim of Pregnancy Discrimination.

Plaintiff also asserts a claim of pregnancy discrimination pursuant to Title VII of the Civil Rights Act. Defendant argues that this claim ought to be dismissed because Plaintiff has failed to state a *prima facie* claim of pregnancy discrimination as required by *McDonell*. The Court first notes that *McDonell* sets forth "an evidentiary standard, not a pleading requirement." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). "Although a plaintiff need not satisfy the *McDonnell Douglas* framework at the pleading stage in order to state a claim for disparate treatment, the ordinary rules for assessing the sufficiency of a complaint [still] apply." *Uppal v. Hosp. Corp. of Am.*, 482 Fed. Appx. 394, 396 (11th Cir. 2012).

Thus, to state a pregnancy discrimination claim under Title VII, plaintiff needs to allege that she is a member of a protected class, was qualified for the position, suffered an adverse employment action, and was replaced by a person outside the protected class or was treated less favorably than a similarly-situated individual outside her protected class. *Melendez v. Town of Bay Harbor Islands*, 2014 U.S. Dist. LEXIS 164959, *9 (S.D. Fla. November 25, 2014).

Here, Plaintiff has alleged that, as a pregnant woman, she was a member of a protected class. She has also alleged facts sufficient to infer that she was qualified for the position, since she was performing her duties without incident before her termination. Contrary to the Defendant's contention, Plaintiff has alleged that she suffered an adverse employment action because the Complaint alleges that she was fired. However, Plaintiff has failed to allege facts that suggest that she was treated differently and less favorably than

similarly-situated individuals outside her protected class. Much of Plaintiff's Amended Complaint is a regurgitation of identical facts asserted in support of different causes of action. However, Plaintiff included no additional allegations of disparate treatment in support of her claim under Title VII—not even a threadbare assertion of disparate treatment is alleged in the Amended Complaint. Consequently, the Court is unable to conclude that Plaintiff has stated a claim under Title VII. Count V is therefore dismissed without prejudice. If Plaintiff wishes to amend the complaint to properly assert a claim under Title VII, she must do so **on or before August 14, 2020**.

### D. Counts V & VI: Plaintiff's Claims Pursuant to the Florida Civil Rights Act.

Plaintiff also alleges causes of action of discrimination and retaliation under the Florida Civil Rights Act. As noted above, the Department is a state agency that cannot be sued for monetary relief in federal court absent waiver of immunity. Although the state of Florida has waived sovereign immunity from FCRA suits brought in Florida courts, it has not consented to being sued in federal court for monetary damages brought under the FCRA. *See* Fla. Stat. § 768.28 ("No provision of this section, or of any other section of the Florida Statutes…shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States…."). *See also Gould v. Fla. Atl. Univ. Bd. of Trs.*, 2011 U.S. Dist. LEXIS 165909, *9 (S.D. Fla June 24, 2011) (holding that a FCRA retaliation claim for money damages, brought against a state agency in federal court, was barred by the Eleventh Amendment). Counts V & VI, Plaintiff's FCRA claims against the Department, are therefore subject to dismissal as well.

## IV. Conclusion

In conclusion, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss is **GRANTED** as to **Counts I, II, III, V, & VI**. These claims are dismissed in their entirety.

2. Defendant's Motion to Dismiss is also **GRANTED** as to **Count IV**. Count IV is **DISMISSED** *without prejudice*. Plaintiff may file an amended complaint **on or before August 14, 2020** to address the deficient pleading of a claim under Title VII of the Civil Rights Act. **The Court cautions Plaintiff to ensure that any amended pleading that is filed complies with Rule 8 of the Federal Rules of Civil Procedure.**

**DONE and ORDERED** in Chambers, Miami, Florida, this 7th day of August 2020

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*